FILED
05 AUG -5 PM 2:01
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RECO RICHARDSON, | ) | CASE NO. 4:05 CV1392 |
| | ) | |
| Petitioner, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| F.C.I. ELKTON, | ) | |
| | ) | |
| Respondent. | ) | |

On May 18, 2005, pro se petitioner Reco Richardson filed the above-captioned petition for a writ habeas corpus pursuant to 28 U.S.C. § 2241 against the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton). Mr. Richardson, who is currently incarcerated at F.C.I. Elkton, requests an Order awarding him credit on his federal sentence pursuant to "18 U.S.C. § 3568" for time he spent in state custody.

*Background*

Mr. Richardson was arrested by the D.E.A. in Cincinnati, Ohio on June 19, 1998.

His arrest was prompted by a warrant issued on December 10, 1997 in the United States District Court for the Southern District of Florida. Petitioner was sought to answer an indictment wherein he was charged with conspiracy to posses with intent to distribute cocaine in violation of 21 U.S.C. § 846. See United States v. Crump, et al., No. 97 cr 0924 (S.D. Fl 1997).

On or about December 30, 1998, petitioner entered a guilty plea and was released "on previously established condition and ordered that he return for sentencing on March 17, 1999."(Mot. Credit Time at 1.) While awaiting sentencing on this offense, petitioner was arrested January 11, 1999 on "unrelated State charges."

The University of Cincinnati Campus police took petitioner into custody on charges of aggravated burglary, felonious assault and abduction. During the course of searching his apartment, the police allegedly found information regarding the federal charges against Mr. Richardson. At his arraignment on the State charges, the Campus police recommended that petitioner's bail be set at a higher range. After pleading not guilty to the state charges, his bail was set at $90,000.00. The local authorities notified the federal authorities of the pending state charges against petitioner. The state allegedly advised the federal government to lodge a detainer against petitioner before he posted bail.

The United States Pretrial Services filed a Petition for Action on Condition of Pretrial Release on January 14, 1999 in the United States District Court for the Southern District of Florida. In the petition, the assistant pretrial services officer requested that petitioner's bond be revoked and that a warrant be issued for his arrest. The court issued a warrant for his arrest based on a supervised release violation and revoked his bond on January 20, 1999. The United States Marshal Service also lodged a detainer with the Hamilton County Justice Center in

2

Cincinnati, Ohio on January 22, 1999. The detainer advised that the District Court for the Southern District of Florida issued an arrest warrant charging petitioner with violating conditions of his probation and/ or supervised release. Mr. Richardson claims this detainer "placed him in federal custody, based on the fact that he had not actually been indicted yet by the state on local charges." (Mot. Credit at 2-3.)

Mr. Richardson claims he sat before a State Grand Jury on January 25, 1999, which dismissed two of the three felony charges and "ignored" the third. He was subsequently indicted by the State and charged with aggravated trespassing and unlawful restraint. The bond imposed by the State was allegedly lowered; however, he was denied release "due to the language of the non-bailable federal detainer." (Mot. Credit at 3.)

Although Mr. Richardson's employer, Marinko Gvozdanovic, attempted to post bond secured by real estate valued at twice the cash value of the bond, the Sheriff's Department allegedly stated that petitioner would not be released on bond even if it were posted. When Mr. Gvozdanovic asked for further details, the Sheriff allegedly explained that the decision was based on the fact that petitioner's federal bond was revoked and the "federal warrant for his arrest which has been lodged against him as a non-bailable federal probationer/supervise release violator detainer." (Mot. Credit at 3.)

The State court appointed public defender Bruce Hust who, petitioner claims, refused to honor his request to move for a continuance of "the proceeding" until he was sentenced by the federal district court. Mr. Richardson claims that Mr. Hust knew that he was scheduled to be sentenced on March 17, 1999 and that he had a federal "non-bailable" detainer lodged against him, but failed to warn him of the consequences of "taking a plea at that time that he

3

would be enhance [sic] and given more time on his federal sentence." (Mot. Credit at 4.)

Based on Mr. Hust's advice, Mr. Richardson pleaded no-contest on February 10, 1999 to reduced charges of aggravated menacing and unlawful restraint. The court sentenced him to consecutive terms of 180 days for aggravated menacing and 60 days for unlawful restraint, dismissing the traffic charges. A review of the transcript of proceedings before Hamilton County Municipal Court Judge Karla J. Grady, a copy of which petitioner provided this court, reveals that Judge Grady advised Mr. Richardson that he would receive "credit for the time you have been locked upon on both the charges." Ohio v. Richardson, Nos. 99-CRB-1063 and 99-TRD-421 (Tr. Of 2/10/99 at 13-15.) Mr. Richardson states that he petitioned Judge Grady immediately thereafter to appoint counsel to appeal his sentence.

Before petitioner's request for counsel was decided, petitioner's federal attorney petitioned the United States District Court of Florida on March 4, 1999 to issue a writ of habeas corpus ad prosequendum directing the Marshal to deliver petitioner to federal court prior to his March 17, 1999 sentencing. Mr. Richardson claims that the writ was received by the Hamilton County Justice Center on March 29, 1999 and he was "released into the custody of the U.S. Marshal, the federal detainer was then lifted and on April 14, 1999 the federal warrant was executed." (Mot. Credit at 4.)

Mr. Richardson appeared before the United States District Court on April 21, 1999 "to be sentence [sic] on his Dec.30, 1998 plea agreement and was enhance [sic] on his state arrested [sic]." (Mot. Credit at 4.) The court sentenced him to a 90 month prison term, followed by 5 years of supervised release. He claims he was erroneously returned to state authorities rather than committed to the custody of the Attorney General.

4

Without providing the dates or disposition of his effort to present his concerns to the BOP, Mr. Richardson simply states that he has exhausted his available administrative remedies. Therefore, this court is not aware of the basis upon which the BOP allegedly denied petitioner's request for sentencing credit.

### *28 U.S.C. § 2241*

Mr. Richardson is clearly seeking to challenge the manner in which his current sentence is being executed by the BOP. The Sixth Circuit has consistently held that claims asserted by federal prisoners seeking to challenge the execution or manner in which their sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). Here, the warden is the proper custodian because he has day-to-day control over the petitioner and is able to produce the latter before the habeas court. See Vasquez v. Reno, 233 F.3d 688, 693 (6th Cir. 2000);Blango v. Thornburgh, 942 F.2d 1487, 1492 n. 10. (10th Cir.1991). This court has personal jurisdiction over the warden at F.C.I. Elkton.

### *Sentencing Credits*

As a threshold matter, Mr. Richardson is arguing that he is entitled to sentencing credit based on 18 U.S.C. § 3568, a statute that is no longer in effect. From 1966 until 1987, a provision codified at 18 U.S.C. § 3568 (1982 ed.) required the Attorney General to award federal prisoners credit for certain time spent in jail prior to the commencement of their sentences. However, in the Sentencing Reform Act of 1984, which became effective in 1987, Congress rewrote § 3568 and recodified it at § 3585(b). Unlike its predecessor, § 3585(b) does not mention

5

the Attorney General; however, the Supreme Court has expressly held that it is still the Attorney General, not the district court, who computes the amount of the credit after the defendant begins his sentence. United States v. Wilson, 503 U.S. 329, 332 (1992). Moreover, the statute notes that: "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-- . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b) (emphasis added). Because district courts cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. Wilson, 503 U.S. at 335. Therefore, once petitioner has exhausted his administrative remedies in accordance with 28 C.F.R.§§ 542.10-542.16, he may file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against his federal custodian in a district court having personal jurisdiction over his custodian if he still believes the BOP has denied him sentencing credit to which he is entitled.

Since the Director of the Bureau of Prisons is authorized to exercise any of the functions conferred upon the Attorney General relating to the commitment, control, or treatment of persons charged with or convicted of offenses against the United States Attorney, this court is without jurisdiction to entertain a challenge to those procedures unless the petitioner has first sought administrative relief through the administrative procedures within the Bureau of Prisons. United States v. Pelaez, 930 F.2d 520, 524 (6th Cir. 1991); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984), cert. denied, 470 U.S. 1031 (1985); United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir.1982). Federal regulations have afforded prisoners administrative review of the computation of their credits. See 28 CFR §§ 542.10. Thus, prisoners have been

6

able to seek judicial review of these computations only after exhausting their administrative remedies. See United States v. Bayless, 940 F.2d 300, 304- 305 (8th Cir. 1991); United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989); United States v. Martinez, 837 F.2d 861, 865-866 (9th Cir. 1988); see also Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981). Accordingly, it is proper to dismiss this petition because there is no indication that Mr. Richardson exhausted his administrative remedies before filing his petition in this court. Based on the foregoing, this matter is dismissed without prejudice pursuant 28 U.S.C. § 2243. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[1]

    IT IS SO ORDERED.

*Kathleen M. O'Malley*
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may bot be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

7